UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERTO RIOS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-08-21 |
| | § | |
| CELANESE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this day came on to be considered the Plaintiff's Motion for a New Trial. (D.E. 85.) For the reasons set forth below, the Plaintiff's motion is hereby DENIED.

### I. Jurisdiction

This Court has federal subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, because Plaintiff brought his claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq* and 42 U.S.C. § 1981.

### II. Factual and Procedural Background

On January 22, 2008, Roberto Rios filed suit against Celanese Corporation, alleging that Celanese had harassed him and dismissed him because of his race, color, and national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) and 42 U.S.C. § 1981. (D.E. 1.) The case went to trial, and on March 5, 2009, the jury returned with a verdict in favor of Celanese. (D.E. 77.) Plaintiff now moves for a new trial, pursuant to Federal Rule of Civil Procedure 59. (D.E. 85)

## III. Discussion

### a. Federal Rule of Civil Procedure 59

Federal Rule of Civil Procedure 59 permits the court to "grant a new trial … after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A) "The general rule, as uniformly stated by the commentators and applied by the courts, is that a district court's grant of a new trial is within the discretion of the court." Spurlin v. General Motors Corp., 528 F.2d 612, 620 (5th Cir. 1976). "[T]he district court should not grant a new trial motion unless the jury verdict is at least … against the great weight of the evidence.  A rule which would permit a court to grant a new trial when the verdict was merely against the greater weight of the evidence … would destroy the role of the jury as the principal trier of the facts, and would enable the trial judge to disregard the jury's verdict at will." Spurlin v. General Motors Corp., 528 F.2d 612, 620 (5th Cir. 1976) (citations omitted).

## IV. Analysis

Rios makes the following arguments in support of his request for a new trial: (1) the verdict was against the great weight of the evidence; (2) the jury failed to consider and weigh the evidence presented; (3) the loss of one of the jurors was an "undesirable" occurrence that warrants a new trial; (4) the Court erroneously failed to admit evidence of Rick Rod's past self-appraisals and performance evaluations. (D.E. 85.)  As explained below, Plaintiff's arguments are without merit.

### a. The verdict is supported by the evidence

Plaintiff contends that the verdict in favor of Celanese was against the great weight of the evidence because Plaintiff "presented overwhelming and uncontradicted" evidence of unlawful discrimination. (D.E. 85, p. 5.) However, this case "involved a factual dispute between the witnesses for each party and credibility determinations were made by the jury." Deloach v. Delchamps, Inc., 897 F.2d 815, 821 (5th Cir. 1990.) During trial, Celanese presented evidence that Plaintiff was fired not because of his race, color, or national origin, but because he violated critical life-safety policies. (D.E. 75, p. 5.) "A jury has the undoubted power to sift the evidence before it and to believe or disbelieve portions of the testimony of various witnesses (or even of the same witness) in constructing its own view of what most probably happened." Scott v. Monsanto Co., 868 F.2d 786, 791 (5th Cir. 1989) (citations omitted). Further, "facts once found by a jury in the context of a civil trial are not to be reweighed and a new trial granted lightly." Spurlin v. General Motors Corp., 528 F.2d 612, 620 (5th Cir. 1976) "[T]he fact that the evidence … was conflicting on certain elements ... is not enough in itself to justify the district court's decision to grant a new trial." Spurlin v. General Motors Corp., 528 F.2d 612, 620 (5th Cir. 1976) citing Tennant v. Peoria & P. U. Ry. Co., 321 U.S. 29, 34 (1944). "A trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence." Pryor v. Trane Co., 138 F.3d 1024, 1026 (5th Cir. 1998) (citations omitted). Because the verdict in favor of Celanese was not against the great weight of the evidence, Plaintiff is not entitled to a new trial on this ground.

### b. There is no indication that the jury failed to adequately deliberate

Plaintiff argues that the jury "failed to consider and weigh the evidence presented," and "summarily found against Mr. Rios – presumably to be released from service sooner." (D.E. 85,

p. 5.) Plaintiff makes this assertion on the grounds that the jury "returned a verdict inconsistent with the law and the evidence—and it did so in less than 45 minutes time." (D.E. 85, p. 5.) As discussed above, the jury's verdict was not against the great weight of the evidence. See supra, Section IV(a). Further, the Court "cannot hold an hour-glass over a jury. If the evidence is sufficient to support the verdict, the length of time the jury deliberates is immaterial." Marx v. Hartford Acc. & Indem. Co., 321 F.2d 70, 71 (5th Cir. 1963.) "A jury is not required to deliberate for any set length of time. Brief deliberation, by itself, does not show that the jury failed to give full, conscientious or impartial consideration to the evidence." Wilburn v. Eastman Kodak Co., 180 F.3d 475, 476 (2d Cir. 1999). Accordingly, Plaintiff has failed to show that he is entitled to a new trial on this ground.

### c. The loss of one of the jurors due to illness does not entitle Plaintiff to a new trial

Voir dire took place on March 3, 2009. By agreement, the parties determined that there would be twelve jurors, the last two of whom would be alternate jurors. The parties also agreed and understood that all jurors remaining at the time of deliberations would deliberate, but that only ten were required to agree in order to reach a verdict. See Fed. R. Civ. P. 48 ("A jury must initially have at least 6 and no more than 12 members, and each juror must participate in the verdict unless excused under Rule 47(c).") The next day, the Court excused one of the jurors due to illness. See Fed. R. Civ. P. 47(c) ("During trial or deliberation, the court may excuse a juror for good cause.") The parties orally agreed to proceed with eleven jurors. Plaintiff's counsel later objected, seeking to postpone the trial. However, because there was no way of knowing how long the excused juror would be unavailable, and because the Court's trial docket was full, the Court ordered the trial to proceed with eleven jurors, with the understanding that a verdict would still require at least ten jurors to agree. Id. As it happened, all eleven jurors agreed to a

unanimous verdict in favor of Celanese.  Plaintiff now argues that "the loss of one juror to illness mid-way through the presentation of evidence … weighs heavily in favor [of a new trial because] there is no way to know (or determine) how the panelist would have evaluated the evidence presented."  (D.E. 85, p. 7.)  Plaintiff's argument is without merit.  All eleven remaining jurors agreed to a verdict in favor of Celanese, one more juror than required to reach a verdict.  Thus, Plaintiff is not entitled to a new trial on this ground.

### d. Rick Rod's past evaluations

Lastly, Plaintiff contends that he is entitled to a new trial because the Court excluded several of the "past self-appraisals and performance evaluations" from Rick Rod, Plaintiff's supervisor.  (D.E. 85, p. 8-9.)  Plaintiff contends that these documents "clearly reflect a bias against minorities as well as Celanese's knowledge of the same." (D.E. 85, p. 8-9.)  The documents that Plaintiff sought to admit into evidence were Rick Rod's self-evaluations from 1984 and 1986, and his performance evaluation from 1995. (D.E. 85, Ex. 1.)  Upon careful review of these documents, all of which are over ten years old, the Court, in its discretion, determined that the probative value of this evidence was substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403.  See Ray v. Tandem Computers, Inc., 63 F.3d 429, 434 (5th Cir. 1995)  ("[S]tray remark[s] … made several years prior to the challenged conduct … [are] too remote in time to support an inference of sex discrimination in later employment actions.")  The Court, therefore, did not err in excluding these documents, and Plaintiff is not entitled to a new trial on this ground.

## V. Conclusion

For the reasons set forth above, the Court hereby DENIES Plaintiff's Motion for a New Trial pursuant to Federal Rule of Civil Procedure 59. (D.E. 85.)

SIGNED and ORDERED this 8th day of April, 2009.

                                                    Janis Graham Jack
                                                  United States District Judge